UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHEILA RENEE RUNKLE,                                                    PLAINTIFF
Administratrix of the Estate
of Robert Earl Runkle, Deceased

v.                                                    CIVIL ACTION NO. 3:08-CV-188-S

BECKY W. PANCAKE, et al.                                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion of plaintiff Sheila Renee Runkle,

Administratrix of the Estate of Robert Earl Runkle, Deceased ("Runkle"),[1] to alter or amend grant

of summary judgment to defendant Robert Fleming, D.O. ("Fleming") (DN 56).[2]  For the reasons

that follow, Runkle's motion will be granted.

BACKGROUND[3]

By Order entered December 24, 2008 (DN 55), the Court granted Fleming's motion for

summary judgment (DN 12) and dismissed him from this action, finding no evidence to support

Runkle's claims against Fleming under 42 U.S.C. § 1983 based on the Eighth Amendment,

---

[1]Runkle's motion to substitute personal representative as proper party (DN 39) will be
granted, and Runkle is deemed substituted, *nunc pro tunc*, for deceased plaintiff Robert Earl
Runkle as proper plaintiff-party to this action.

[2]Fleming has moved to strike Runkle's notices of filing additional medical records (DN
71).  Runkle has moved the Court, albeit after the fact, for leave to file the notices as
supplements (DN 74).  Despite the procedural irregularity, because a full and complete set of
medical records will assist the Court in the just resolution of this action, Fleming's motion to
strike will be denied; Runkle's motion for leave to supplement will be granted; and the notices
will be deemed filed.

[3]For a more detailed background of the underlying facts in this case, see *Memorandum
Opinion* (DN 54), pp. 1-3.

Kentucky's statutory right for prisoners to have health care, medical negligence, outrage, negligence or wrongful death.

Runkle has now moved the Court to vacate and set aside its order, and to deny Fleming's motion for summary judgment, arguing that the Court should not have found the following facts to be undisputed:

(1) Dr. Fleming's lab orders of May 10, 2006 requested that Runkle have a colonoscopy;

(2) DOC[4] reviewed and denied [Fleming's] request; and

(3) Dr. Fleming. . . provided further care and treatment to Runkle culminating in the order of Runkle's transfer to a higher level of care.

*Motion to Alter or Amend*, pp. 1-2 (quoting *Memorandum Opinion* pp. 9-10).  Runkle argues that the evidence of record, comprised of various medical records and two declarations under penalty of perjury pursuant to 28 U.S.C. § 1746 submitted by Fleming, does not support the Court's conclusion that the above facts are undisputed.  Specifically, Runkle argues that the Court was wrong to find facts (2) and (3) undisputed based on Fleming's second declaration submitted with his reply brief in support of summary judgment.

As discussed in our memorandum opinion, the Court previously found that Fleming showed an absence of evidence to support any of Runkle's claims against him, and Runkle failed to go beyond the pleadings and designate specific facts showing a genuine issue for trial.  *Mem. Op.* at 9-10.  However, Runkle argues that she demonstrated the existence of genuine issues as to facts (2) and (3) in her motion to strike Fleming's reply (DN 32).  The Court previously declined to consider Runkle's motion to strike because it was not timely filed.  See *Id.* at 1, n.1.  Now, Runkle essentially

_____

[4]Kentucky Department of Corrections ("DOC").

asks the Court to reconsider her motion to strike as sur-reply impeaching the accuracy of certain statements appearing in Fleming's second declaration.

In consideration of the fact that Fleming raised dispositive facts in his reply brief for the first time, the Court will revisit Runkle's motion to strike and address those issues that we did not previously resolve due to the untimeliness of the motion. In short, those issues are whether the medical records substantiate the following statements in Fleming's second declaration:

> 8.       I was informed by PHS[5] nursing staff in or about July 2006 that my May 10, 2006 order for GI consult and colonoscopy for Mr. Runkle had been denied.
> . .
> 9.       After my May 10, 2006 order for GI consult and colonoscopy was denied, I ordered hemoccults for Mr. Runkle to monitor his stool for blood. When Mr. Runkle's September 8, 2006 hemoccult was positive. . . I again ordered a GI consult, EGD, and colonoscopy on September 15, 2006.

*Reply in Support of Motion for Summary Judgment*, Declaration of Ronald Fleming, D.O., ¶¶ 8-9.

Runkle argues that the above statements are the court's only evidentiary bases for finding facts (2) and (3), respectively, undisputed. Therefore, Runkle argues, if the medical records do not confirm Fleming's statements, then facts (2) and (3) remain in dispute, and the Court must vacate and set aside its order granting summary judgment to Fleming and dismissing him from this action.

                                    DISCUSSION

Having fully reviewed the evidence of record in light of the argument set forth in Runkle's motion to strike, the Court finds that fact (1) is undisputed:

> (1) Dr. Fleming's lab orders of May 10, 2006 requested that Runkle have a colonoscopy.

*Mem. Op.* at 9.

---

[5]Prison Health Services ("PHS").

Runkle does not dispute any of the premises that support fact (1):

Fleming first saw Runkle as a patient at LSCC[6] on May 10, 2006.  Upon his initial evaluation of Runkle, Fleming issued orders for various lab tests.  On the Lab Orders form, under a subheading titled "Additional Information/Comments," Fleming noted "consult GI for colonoscopy for h/o CA."

*Id.* at 2 (original footnote and citation omitted).  Rather, in her motion to strike, and again here in her motion to alter or amend, Runkle merely reiterates her contention that Fleming's May 10 lab orders did not request that Mr. Runkle have a colonoscopy because the relevant notation appears on the form under "Additional Information/Comments."  The Court remains unmoved by this argument.  To reiterate our own conclusion:

Viewed in a light most favorable to plaintiff, Fleming's notation of May 10, 2006, "consult GI for colonoscopy for h/o CA[,]" indicated a need to evaluate Runkle for such a procedure.

*Id.* at 5-6.  Fact (1) is undisputed.

Skipping ahead for a moment, Runkle appears to conflate fact (3) with her assertion that there is no medical evidence showing that Fleming ordered hemoccults to monitor Mr. Runkle for bloody stools prior to September 2006.  However, the plain language of fact (3) neither states, nor even implies, that the opposite is true:

(3) *Dr. Fleming. . . provided further care and treatment to Runkle culminating in the order of Runkle's transfer to a higher level of care.*

*Mem. Op.* at 9-10 (emphasis added).    Fact (3) does not suggest that Fleming ordered hemoccults for Mr. Runkle prior to September.  Contrary to Runkle's apparent impression, the Court has not found that Fleming ordered hemoccults in July and/or August:

There is no indication that in July 2006 Runkle told Fleming that he was having pain

_____

[6]Little Sandy Correctional Complex ("LSCC").

-4-

and bloody stools.  It was not until September, when Runkle made requests for health care, that Fleming was made aware of Runkle's situation.

*Mem. Op.* at 7.

Fact (3) comprehends that after requesting a colonoscopy for Mr. Runkle on May 10, Fleming treated Mr. Runkle on two other occasions for unrelated complaints (prior to ordering hemoccults in September), and saw him several times after he presented with bloody stools, ultimately facilitating Mr. Runkle's transfer to the Kentucky State Reformatory for surgery. Disregarding Fleming's declarations altogether, fact (3) is confirmed solely by the medical records.

Facts (1) and (3) are undisputed.  However, in light of Runkle's resuscitated motion to strike and upon further review of the medical record evidence, the Court finds that there is a genuine issue as to fact (2):

DOC reviewed and denied [Fleming's] request.

*Mem. Op.* at 9.  Moreover, Fleming's assertion is untrue that, "The material fact that is not in dispute is that Dr. Fleming's order for GI consult/colonoscopy was denied."  *Response to Motion to Alter or Amend*, p. 5.  The Court does not find whether DOC – or a third party – reviewed and denied Fleming's request.  Nor does the Court find whether Fleming was informed of some such denial in July 2006.  Because Runkle's state claims may turn on fact (2), Runkle's motion to alter or amend will be granted.

Notwithstanding, Fleming remains entitled to summary judgment as a matter of law on Runkle's § 1983 claim based on the Eighth Amendment.  Even if Fleming failed to determine that the colonoscopy he requested on May 10 was never performed, as Runkle alleges, under the facts of this case there is no evidence that Fleming exhibited deliberate indifference to Mr. Runkle's

serious medical needs.  See *Mem. Op.* at 6-7.  Therefore, Runkle's federal claim against Fleming will be dismissed.  In accordance therewith, Runkle's state claims against Fleming will be dismissed without prejudice, as resolution of the remaining issues properly falls to the jurisdiction of the state courts.

For the reasons above, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The motion of plaintiff, Sheila Renee Runkle, Administratrix of the Estate of Robert Earl Runkle, to substitute personal representative as proper party (DN 39) is **GRANTED**;

2. The motion of plaintiff, Sheila Renee Runkle, Administratrix of the Estate of Robert Earl Runkle, to alter or amend grant of summary judgment to defendant Robert Fleming, D.O. (DN 56) is **GRANTED**;

3. The Order granting defendant, Robert Fleming, D.O.'s, motion for summary judgment entered on December 24, 2008 (DN 54) is **VACATED AND SET ASIDE**;

4. The motion of defendant, Robert Fleming, D.O., to strike Runkle's notices of filing additional medical records (DN 71) is **DENIED**;

5. The motion of plaintiff, Sheila Renee Runkle, Administratrix of the Estate of Robert Earl Runkle, for leave to file notices as supplements (DN 74) is **GRANTED**;

6. The claim of plaintiff, Sheila Renee Runkle, Administratrix of the Estate of Robert Earl Runkle, against defendant, Robert Fleming, D.O., under 42 U.S.C. § 1983 based on the Eighth Amendment is **DISMISSED WITH PREJUDICE**; and

7. The claims of plaintiff, Sheila Renee Runkle, Administratrix of the Estate of Robert Earl Runkle, against defendant, Robert Fleming, D.O., based on Kentucky's statutory right for

prisoners to have health care, medical negligence, outrage, negligence and wrongful death are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.