UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHEILA RENEE RUNKLE, Adm'x of
the Estate of Robert Earl Runkle, Deceased                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:08-CV-188-S

BECKY W. PANCAKE, et al.                                                     DEFENDANTS

**OPINION AND ORDER**

This matter is before the court on a motion to quash and for a protective order filed by non-parties, Dr. Philip Roeder and the University of Kentucky. The court will grant the motion.

In this prisoner, civil rights action, the plaintiff's estate, by counsel, recently served Dr. Roeder with a subpoena duces tecum seeking discovery of certain employment contracts between the University of Kentucky and the defendant, Dr. Ronald Fleming. The movants argue this discovery is improper because the claims against Dr. Fleming are presently on appeal, which has divested this court of jurisdiction. The movants further argue the subpoena imposes undue burden because, with issues limited to the record on appeal, the production of the requested documents would be futile. *See* FED. R. CIV. P. 45(3)(A)(iv).

The plaintiff contends the challenged subpoena seeks discovery that is relevant to the pending claims, over which this court has retained jurisdiction, although the plaintiff concedes his motivation for seeking the discovery is to respond to a new issue, raised by Dr. Fleming on appeal, that he is entitled to qualified immunity. The court must respectfully disagree that the requested discovery has potential relevance to any pending claims. After a round of dispositive motions, the court adjudicated all claims except those against Dr. Frederick Kemen. Later, by

order entered February 8, 2010, this court made final the entry of summary judgment in favor of Dr. Fleming, an order which permitted piecemeal appeals in this matter. Essentially, then, Dr. Kemen is the only defendant who remains before the court. Dr. Fleming and Dr. Kemen provided care at different penal institutions. Thus, the details of Dr. Fleming's employment relationship with private contractors of the Department of Corrections or the University of Kentucky has no potential relevance to the separate claims pending against Dr. Kemen. Because the requested discovery relates solely to adjudicated claims pending on appeal, the court concludes it has no jurisdiction to order the discovery, pursuant to 28 U.S.C. § 1291. *See Trice v. Commercial Union Assur. Co.*, 334 F.2d 673 (6th Cir. 1964); *see also Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999) (upholding denial of discovery that would be irrelevant to the underlying issue to be decided).

The court being sufficiently advised,

**IT IS HEREBY ORDERED** that the motion to quash and for protective order is **GRANTED**. (Dkt. 122).

DATE:

Counsel of Record